Citation Nr: 1714099 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 11-13 082 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for a sleep disorder, including sleep apnea, 
to include as secondary to service-connected posttraumatic stress disorder (PTSD) with depression.

2. Entitlement to service connection for a stomach disorder, to include gastrointestinal reflux disease (GERD) and ulcer.


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel


INTRODUCTION

The Veteran served on active duty in the Army from October 1997 to 
December 2001, and in the Army National Guard (ARNG) from December 2001 to December 2005, during which time he was on active duty from December 2003 to April 2005.

This matter comes before the Board of Veterans' Appeals (Board) from a December 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

A Board videoconference hearing was held January 2013. The proceeding was before a Veterans Law Judge (VLJ) who has since left employment with the Board. The Board's February 2017 correspondence informed the Veteran of the opportunity for a hearing before the VLJ now deciding the case, however, 
the Veteran did not respond and by default another hearing will not be scheduled. 

Previously, the Board twice remanded the case in July 2014, and August 2015. 

The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.








REMAND

The Board regrets the inherent delay, but unfortunately another remand is required.

The August 2015 Board remand included two primary objectives, one being obtaining detailed and factually based supplemental VA medical opinions on the etiology of sleep apnea and a gastrointestional disorder, that having been accomplished. 

The next objective was acquiring complete Service Treatment Records (STRs) from the Veteran's period of ARNG service from December 2001 to December 2005, including recall to active duty December 2003 to April 2005. After contacting the Tennessee National Guard, response was finally received July 2016, that limited medical records were being forwarded via a record processing center. Crucially however, and without explanation, the file does not show the actual documents anywhere, within either Veterans Benefits Management System (VBMS) or "Virtual VA" in this electronic record case. (The November 2016 Supplemental Statement of the Case (SSOC) avers that the AOJ in July 2016 in fact received notice that there were no records available; but the Board observes that characterization to be contrary with the National Guard agency's actual response, that some records were enclosed.) Therefore, the Board must remand again to locate and/or confirm disposition of the aforesaid records, as there simply was not either full compliance or sufficient substantial compliance with the remand objective. See Stegall v. West, 11 Vet. App. 268 (1998). 

Provided relevant medical history is located, an updated supplemental 
VA medical opinion should follow that accounts for new information. 

Accordingly, the case is REMANDED for the following action:

1. Take measures again to obtain the Service Treatment Records from the Veteran's Army National Guard Service (December 2001 to December 2005) -- and if needed, re-contact the Joint Force Headquarters office of the Tennessee National Guard from back in
July 2016, to ensure the AOJ can take possession of those medical records for the Veteran that were ostensibly previously mailed out. 

(** If determined, however, there clearly and unequivocally are no additional information and/or records to associate with the claims file arising out of contacting the Tennessee National Guard, then make appropriate record of this fact.)
 
2. Provided additional medical history is located, particularly showing relevant symptomatology of 
sleep apnea and/or gastrointestinal problems, obtain updated supplemental medical opinions from the prior VA examiner accounting for the new information. 

3. Review the claims file. If the directives specified in this remand have not been implemented, take proper corrective action before readjudication. Stegall v. West, 11 Vet. App. 268 (1998).

4. Thereafter, readjudicate the claims on appeal in light of all additional evidence received. If any benefit sought on appeal is not granted, the Veteran and his representative should be furnished with a Supplemental Statement of the Case (SSOC) and afforded the opportunity to respond before the file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Lesley A. Rein
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).